Lenahan & Dempsey, P.C.  Attorneys for Plaintiff
By: Kelly J. Lenahan, Esquire
I.D. No. 90748
Suite 400 Kane Building
116 North Washington Avenue
P.O. Box 234
Scranton, Pennsylvania 18501-0234
(570) 346-2097 Telephone
(570) 346-1174 Facsimile
kjl@lenahandempsey.com E-mail

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BLANCHARD AND CINDY BLANCHARD, HIS WIFE, | : | |
| Plaintiffs | : | NO. |
| v. | : | |
| COVE HAVEN, INC. d/b/a COVE HAVEN ENTERTAINMENT RESORTS a/k/a COVE HAVEN RESORT; COVE HAVEN PROP.CO. L.L.C. d/b/a COVE HAVEN ENTERTAINMENT RESORTS a/k/a COVE HAVEN RESORT; SAMHAVEN LAKE,L.L.C; MCSAM HOTEL GROUP, L.L.C., | : | |
| Defendants | : | |

## COMPLAINT

COME NOW, the **Plaintiffs**, Joseph Blanchard and Cindy Blanchard, his wife, through their counsel, Lenahan & Dempsey, P.C. by Kelly J. Lenahan, Esquire, and for their Complaint against the **Defendants**, Cove Haven, Inc. d/b/a Cove Haven Entertainment Resorts a/k/a Cove Haven Resort; Cove Haven Prop.

Co., L.L.C. d/b/a Cove Haven Entertainment Resorts a/k/a Cove Haven Resort; Samhaven Lake, L.L.C., and McSam Hotel Group, L.L.C. state as follows:

1. The **Plaintiffs,** Joseph and Cindy Blanchard, are adult competent individuals, who at all times relevant within this Complaint reside at 3502 East Joppa Road, Parkville, Maryland. At all times relevant herein, Joseph Blanchard and Cindy Blanchard were/are legally husband and wife.

2. The **Defendant**, Cove Haven, Inc. d/b/a Cove Haven Entertainment Resorts a/k/a Cove Haven Resort (hereinafter "**Defendant Corporation**") is a corporation incorporated, organized and existing in the Commonwealth of Pennsylvania. **Defendant Corporation**, individually or in a joint venture with the other defendants referenced herein, owns, controls, maintains, manages and/or operates a hotel and resort located at 194 Lakeview Drive, Highway 3015 and Highway 2002, Lakeville, Wayne County, Pennsylvania.

3. The **Defendant**, Cove Haven Prop. Co., L.L.C. d/b/a Cove Haven Entertainment Resorts a/k/a Cove Haven Resort (hereinafter "**Defendant Property Company**") is a corporation incorporated, organized and existing in the State of Delaware. **Defendant Property Company**, individually or in a joint venture with the other defendants referenced herein, owns, controls, maintains, manages and/or operates a hotel and resort located at 194

Lakeview Drive, Highway 3015 and Highway 2002, Lakeville, Wayne County, Pennsylvania.

4. The **Defendant**, Samhaven Lake, L.L.C. (hereinafter "**Defendant Samhaven**") is a corporation incorporated, organized and existing in the State of Delaware. **Defendant Samhaven**, individually or in a joint venture with the other defendants referenced herein, owns, controls, maintains, manages and/or operates a hotel and resort located at 194 Lakeview Drive, Highway 3015 and Highway 2002, Lakeville, Wayne County, Pennsylvania.

5. The Defendant, McSam Hotel Group, L.L.C., (hereinafter "**Defendant Hotel Group**") is a corporation incorporated, organized and existing in the State of New York. **Defendant Hotel Group**, individually or in a joint venture with the other defendants referenced herein, owns, controls, maintains, manages and/or operates a hotel and resort located at 194 Lakeview Drive, Highway 3015 and Highway 2002, Lakeville, Wayne County, Pennsylvania.

6. Upon information and belief, the **Defendants** referenced herein, either individually and/or in a joint venture operate a hotel and resort facility known as "Cove Haven Resort" located at 194 Lakeview Drive, Highway 3015 and Highway 2002, Lakeville, Wayne County, Pennsylvania.

Hereinafter the Defendants will be collectively referred to as "**Defendant Cove Haven**" and the resort will be referred to as "**The Premises**".

7. At all times relevant to this Complaint, **The Premises** referred to hereinafter was under the direct supervision and control of **Defendant Cove Haven**, through one or more of the individual defendants named herein (**Defendant Corporation, Defendant Property Company, Defendant Samhaven, Defendant Hotel Group**) or collectively in a joint venture.

8. Jurisdiction for this Federal lawsuit is founded upon complete diversity of citizenship and a claim in excess of $75,000 pursuant to 28 U.S.C. §1332. Venue for this claim is within the United States District Court for the Middle District of Pennsylvania, which is where the cause of action arose and the injuries of the **Plaintiffs**, as described herein, took place.

9. On or about December 29, 2016, **Husband Plaintiff**, Joseph Blanchard, was a <u>hotel guest</u> in room number 708 (therefore a <u>**business invitee/patron**</u>) present at **The Premises** located at 194 Lakeview Drive, Highway 3015 and Highway 2002, Lakeville, Wayne County, Pennsylvania, when he was caused to fall by an unreasonably dangerous artificial condition/hazard created by and/or permitted to exist by **Defendant Cove Haven**, a consequence of which **Plaintiff Husband** sustained serious personal injury as more particularly set forth herein.

10. Therefore, at all times relevant within this Complaint, **Plaintiff Husband** was a business invitee/patron of **The Premises** owned, controlled, maintained, managed and/or operated by **Defendant Cove Haven,** through one or more of the individual defendants named herein (**Defendant Corporation, Defendant Property Company, Defendant Samhaven, Defendant Hotel Group**) or collectively in a joint venture, and was owed the highest duty of care pursuant to the laws of the Commonwealth of Pennsylvania.

11. **Defendant Cove Haven's** duty of care, under the law in this regard, required that it: (a.) recognize and inspect for dangerous conditions which pose an unreasonable risk of harm to its patrons/hotel guests; (b.) anticipate and expect that a patron cannot protect himself against the harm because the hotel has superior knowledge of the conditions upon the premises; and therefore, (c.) use reasonable care to protect patrons against a danger by correcting the dangerous condition.

12. On the aforementioned date, December 29, 2016, **Plaintiff Husband** and **Plaintiff Wife** were hotel guests of Cove Haven Resort, room 708. At approximately 9:20 am, **Plaintiff Husband** was descending the staircase located in hotel room 708, when he was caused to fall by an unreasonably

dangerous artificial condition/hazard that **Defendant Cove Haven** created and/or permitted to exist.

13. Upon information and belief, **Defendant Cove Haven** designates guestroom 708 as a "Champagne Tower Suite". A "Champagne Tower Suite" is a multilevel guestroom of **The Premises**, that has one or more sets of stairs.

14. This guestroom also contains the following amenities within the room itself: a two-story high bathtub in the shape of a champagne glass, a heart-shaped swimming pool kept at a high temperature, a sauna, and a separate shower. These amenities are provided to the guests intended to be fully functioning, and, therefore, offer multiple opportunities for the guests to encounter heated water experiences during the duration of the guests' stay.

15. Upon information and belief, such heated water amenities routinely create humid, damp, steamy and/or moist conditions in "The Champagne Tower Suites" guestrooms.

16. Upon information and belief, on December 29, 2016, such humid, damp, steamy and/or moist conditions in guestroom 708 caused an unreasonably dangerous artificial condition/hazard upon the carpeting/flooring of the "lower staircase" (as described by Defendant Cove Haven's incident investigation) located in guestroom 708.

17. Upon information and belief, these room conditions caused the flooring/carpeting on the "lower staircase" to become dangerously slippery, such that **Plaintiff Husband** slipped on the flooring/carpeting while descending the staircase sustaining severe personal injuries.

18. Upon further investigation, it was determined that the "lower staircase" did not have a railing to assist guests descending this portion of the steps, which would have provided more stability to **Plaintiff Husband** and/or given him the opportunity to "catch his fall" before sustaining serious, permanent, and disabling injuries.

19. On or about December 29, 2016, by virtue of inviting **Plaintiffs** to stay at **The Premises** for a commercial purpose, and use the various amenities contained within guestroom 708, **Defendant Cove Haven** must have exercised reasonable care to protect **Plaintiffs** from any known hazardous and/or dangerous conditions, AND also those conditions it should have recognized through reasonable inspection.

20. Upon information and belief the, **Defendant Cove Haven** had (or should have had) notice of the dangerous condition upon which **Plaintiff Husband** fell, to wit: the carpeting on the "lower staircase" was unreasonably slippery due to the conditions of the room and the lack of a handrail.

21. It is further believed and averred that this unreasonably dangerous and artificial condition/hazard was a habitually occurring condition of which **Defendant Cove Haven** had actual notice, but failed to correct.

22. It is believed and averred that **Defendant Cove Haven** had actual and/or constructive knowledge of this artificially created hazardous condition, yet failed to take reasonable corrective action and/or warn the patrons, including the **Plaintiffs**, of the condition.

23. On or about December 29, 2016, **Defendant Cove Haven** had a duty to eliminate a defect in the physical conditions existing on **The Premises** that was dangerous, detrimental, or hazardous to the health and safety of the **Plaintiffs**.

24. The aforementioned condition, referenced herein, resulted in a hydroplaned surface of the carpeting/flooring of the "lower staircase", which was an inherently dangerous condition.

25. **Defendant Cove Haven's** failure to recognize and correct this inherently dangerous condition was the factual cause of **Plaintiff's** slip and fall and subsequent severe and disabling personal injuries.

26. It is believed and averred that this dangerous/hazardous condition was not open, obvious, or known to the **Plaintiff Husband** prior to his fall, and he could not, therefore, protect himself from such danger.

27. **Defendant Cove Haven** had superior knowledge to **Plaintiff Husband** that the damp conditions of guestroom 708 would create such a hazard.

28. Furthermore, **Defendant Cove Haven** had sole and exclusive control of the design and conditions of the guestroom, including choice of flooring and installation of handrails, such that **Defendant Cove Haven** must have (a.) recognized and inspected for this dangerous condition which posed an unreasonable risk of harm to its patrons/hotel guests; (b.) anticipated and expected that a patron cannot protect himself against the harm because the hotel has superior knowledge of the conditions upon the premises; and therefore, (c.) used reasonable care to protect patrons against a danger by correcting the dangerous condition, such as utilizing a proper antiskid flooring that would not be affected by the damp conditions, taking reasonable steps to prevent the damp conditions, warning patrons of the conditions, and/or installing staircase assistive devices to help patrons safely negotiate the "lower staircase".

29. At all times material to this Complaint, **Plaintiff Husband** acted in a reasonable and prudent manner under the circumstances then and there existing and neither caused nor contributed to the occurrence and/or his injuries and damages.

30. **Plaintiffs** believe, and therefore, aver that **Defendant Cove Haven**, by and through its agents, employees, servants and representatives, either had actual notice, or by the exercise of reasonable care and diligence, should have known of the aforementioned dangerous/hazardous condition in guestroom 708.

31. As a direct result of this December 29, 2016 slip and fall on **The Premises**, **Plaintiff** sustained severe personal injuries to his left lower extremity, including multiple fractures and nerve injuries to his foot and ankle, which has caused gait disturbances, and resulting pain to other areas of his body.

32. These injuries are permanent in nature and cause ongoing impairment, and disability.

33. As a direct and proximate result of the December 29, 2016 accident and **Defendant Cove Haven's** negligence outlined herein, **Plaintiffs** were obligated to spend money for medical services and medical attention, x-rays, MRI's, diagnostic studies, injection therapy, physical therapy, massage therapy, surgical consultations, medications, and other expenses in an effort to treat and cure **Plaintiff Husband** of his injuries and they will be obligated to spend additional sums of money for the same purposes in the future.

34. As a direct and proximate result of the negligence of **Defendant Cove Haven**, **Plaintiff Husband** has sustained a loss of ability to perform

household services and loss of every day pleasures and enjoyment of life, and will continue to lose such every day pleasures and enjoyments of life for an indefinite time into the future.

35. As a direct and proximate result of the negligence of **Defendant Cove Haven, Plaintiff Husband** has suffered physical pain and suffering, emotional distress, discomfort, and inconvenience and the loss of the ability to enjoy the pleasure of life, all of which may be permanent in nature and may continue indefinitely into the future.

36. As a direct and proximate consequence of the negligent actions and/or inactions of **Defendant Cove Haven, Plaintiff Husband** has experienced the following damages and losses:

   a. past, present, and future pain and suffering;

   b. past, present, and future emotional distress;

   c. past, present, and future medical expenses;

   d. past, present, and future loss of life's pleasures;

   e. past, present and future disability;

   f. past, present and future loss of earnings, and loss of earning capacity;

   g. past, present, and future disfigurement of his left lower extremity.

37. It is anticipated that **Plaintiff Husband's** current disability and medical impairment will continue for an indefinite period of time and on into the future.

38. All of the conditions, disabilities, and medical impairment and/or injuries suffered by **Plaintiff Husband** are directly related to the negligent actions and/or inactions of **Defendant Cove Haven**.

39. As a direct result of the negligence of **Defendant Cove Haven, Plaintiffs** will incur financial expenses which do and will exceed amounts he may otherwise be entitled to recover.

40. **Plaintiff Wife**, Cindy Blanchard, also alleges a claim for loss of consortium based upon the injuries, harm, damages, and losses of her spouse. **Plaintiff Wife** has been and will continue to be deprived of her spouse's aid, comfort, service, society, companionship, and affection, all to her great detriment and loss.

### COUNT I
### NEGLIGENCE
### PLAINTIFF V. DEFENDANT COVE HAVEN

41. **Plaintiffs** incorporate by reference all of the proceeding paragraphs of this Complaint as if they were fully set forth at length herein.

42. At all times relevant herein, **Defendant Cove Haven** through one or more of the individual defendants named herein (**Defendant Corporation,**

**Defendant Property Company, Defendant Samhaven, Defendant Hotel Group**) or collectively in a joint venture, owned, controlled, maintained, managed and/or operated a hotel and resort located at 194 Lakeview Drive, Highway 3015 and Highway 2002, Lakeville, Wayne County, Pennsylvania. **Defendant Cove Haven** was responsible for maintaining and keeping the property in a safe condition, free from dangerous conditions and/or hazards.

43. **Defendant Cove Haven** had actual notice and/or constructive notice of the aforementioned dangerous or hazardous condition, which was located in guestroom 708, particularly since their agents, employees, and/or representatives regularly cleaned and inspected the guestrooms before, during, and after a hotel stay.

44. **Defendant Cove Haven** had superior knowledge to its patrons of the potential for the development and creation of this dangerous and hazardous condition, which was due to artificially created and existing damp conditions resulting in a hydroplaned surface of the carpeting/flooring of the "lower staircase" upon which **Plaintiff Husband** fell, as described in more detail in the preceding paragraphs.

45. **Defendant Cove Haven** should have reasonably anticipated that a patron, such as the **Plaintiff Husband**, would not recognize and protect himself from the danger, particularly without any warning of the condition.

46. Thus, the danger and subsequent injury to **Plaintiff Husband** was, or should have been, a foreseeable event to **Defendant Cove Haven**

47. Therefore, **Defendant Cove Haven** was negligent and its negligence was a factual cause of the harm and injury to the **Plaintiff** by virtue of the following conduct because it:

    a.) permitted the existence of a dangerous and hazardous condition, as more fully described in the preceding paragraphs;

    b.) failed to inspect and correct the dangerous/hazardous condition as referenced herein;

    c.) failed to ensure the safety of the conditions and flooring within guestroom 708;

    d.) failed to anticipate that the amenities in guestroom 708 combined with the particular choice of carpeting/flooring would create a hydroplane condition on the "lower staircase" in guestroom 708;

    e.) failed to properly address the damp/moist environment in guestroom 708, which contributed to the dangerous condition as aforesaid;

f.) failed to take any action whatsoever with respect to the safety and maintenance of guestroom 708 to prevent this fall;

g.) failed to install/provide a handrail upon the "lower staircase" which would have assisted **Husband Plaintiff** in navigating this dangerous condition referenced herein;

h.) failed to install/provide a handrail upon the "lower staircase" to act as mechanism that would lessen the severity of **Plaintiff Husband's** fall if he were able to "catch his fall" before suffering personal injuries;

i.) failed to utilize appropriate anti-skid carpeting, mats, and/or other flooring that would have prevented the dangerous/hazardous condition referenced herein, and ultimately, this fall;

j.) failed to investigate and consult with experienced engineers to inspect for dangerous conditions, such as the one in the instant case, and correct such dangers;

k.) failed to instruct its employees, servants, agents, and/or ostensible agents to routinely inspect the area of the fall to inspect for the dangerous/hazardous condition referenced herein;

l.) failed to have proper written rules and guidelines instructing its employees, servants, agents, and/or ostensible agents to recognize and correct the dangerous/hazardous condition referenced herein;

m.) failed to provide **Plaintiff Husband** with any warning of the existing dangerous/hazardous condition;

n.) failed to keep guestroom 708 in a safe condition so as to prevent injuries such as the those alleged in this Complaint;

o.) failed to provide adequate preventative measures, which would have prevented the injury sustained to **Plaintiff Husband**;

p.) failed to consider that patrons would not reasonably anticipate the existence of this dangerous/hazardous condition and protect themselves against it;

q.) failed to recognize that it had superior knowledge to its patrons of such conditions, and that it has a duty to correct this condition;

r.) failed to remove, treat, and/or correct the aforementioned dangerous conditions;

    s.) failed to provide adequate staffing of employees to assist customers, ensure safety of its patrons, and inspect the guestrooms for the dangerous conditions referenced herein;

    t.) failed to follow and enforce adopted safety policies and procedures.

48. As a direct and proximate result of the actions and/or inactions of **Defendant Cove Haven** as stated above, **Plaintiff Husband** has sustained severe, permanent, and disabling injuries as outlined in the proceeding paragraphs of this Complaint.

WHEREFORE, **Plaintiffs**, Joseph and Cindy Blanchard, his wife, demand judgment against **Defendant Cove Haven,** ( or individually as **Defendant Corporation, Defendant Property Company, Defendant Samhaven, Defendant Hotel Group** or collectively if operating as a joint venture), in an amount in excess of $75,000.00 plus any costs and interests that may be awarded by the Court and Jury.

                                                     LENAHAN & DEMPSEY, PC

By: _____
                      Kelly J. Lenahan, Esquire