# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BLANCHARD and CINDY BLANCHARD, | NO. 3:18-CV-01848 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| COVE HAVEN, INC. d/b/a COVE HAVEN RESORTS a/k/a COVE HAVEN RESORT *et al.*, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiffs Joseph Blanchard and Cindy Blanchard. (*See* Doc. 1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

## **I. Background**

Plaintiffs commenced this action on September 20, 2018. (*See* Doc. 1). Plaintiffs allege that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1) by virtue of the amount in controversy and the complete diversity of the parties. (*See id*. at ¶ 20).

Plaintiff Joseph Blanchard and Cindy Blanchard are alleged to be "adult competent individuals who at all times relevant within this Complaint reside at 3502 East Joppa Road, Parkville, Maryland." (*Id*. at ¶ 1). Defendant Cove Haven, Inc. d/b/a Cove Haven Resorts a/k/a Cove Haven Resort ("Cove Haven, Inc.") is alleged to be "incorporated, organized and existing in the Commonwealth of Pennsylvania." (*Id.* at ¶ 2). Defendant Cove Haven Prop. Co., LLC d/b/a Cove Haven Resorts a/k/a Coven Have Resort ("Cove Haven Prop. Co.") is alleged to be "incorporated, organized, and existing in the State of Delaware." (*Id.* at ¶ 3). Defendant Samhaven Lake, L.L.C.

("Samhaven Lake") is alleged to be "incorporated, organized and existing in the State of Delaware." (*Id.* at ¶ 4). Defendant McSam Hotel Group, L.L.C. ("McSam Hotel Group") is alleged to be "incorporated, organized and existing in the State of New York." (*Id.* at ¶ 5). All Defendants are alleged to either individually or in a joint venture with the other defendants "own[], control [], maintain[], manage[] and/or operate[] a hotel and resort located at 194 Lakeview Drive, Highway 3015 and Highway 2002, Lakeville, Wayne County, Pennsylvania." (*Id.* at ¶¶ 2-5).

## II. Discussion

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiffs' Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d

2

Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.     Citizenship of Plaintiffs**

The Complaint fails to adequately allege the citizenship of Plaintiffs. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

To the extent the Complaint alleges that Plaintiffs are "residing" in Maryland, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity."). To properly plead diversity, the citizenship of each Plaintiff must be alleged, not mere their states of residence. As such, the Court cannot determine whether subject matter jurisdiction exists.

**B.     Citizenship of Defendants**

The Complaint also fails to properly allege the citizenship of all Defendants.

**1.     The Corporate Defendant**

Plaintiffs fail to allege the citizenship of Defendant Cove Haven, Inc. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging

3

where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, the Complaint adequately identifies that Cove Haven, Inc. is a Pennsylvania corporation; however, to properly plead the citizenship of this corporation, Plaintiffs must allege where Cove Haven, Inc. has its principal place of business.

### 2. The Limited Liability Company Defendants

Lastly, the citizenship of the limited liability company Defendants is not properly alleged. The citizenship of a limited liability for purposes of diversity jurisdiction is "determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *see also VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014) (a limited liability company "is a citizen of any state in which its members are citizens."); 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens."). Where one or more of a limited liability company's members is itself another limited liability company, the citizenship of each limited liability company must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420; *accord Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (If, after reasonable inquiry, the precise citizenship of a defendant is unknown, a plaintiff may sufficiently plead diversity by "alleg[ing] that the defendant is not a citizen of the plaintiff's state of citizenship").

Here, the Complaint, which alleges Defendants Cove Haven Prop. Co., Samhaven Lake, and McSam Hotel Group are "incorporated, organized and existing" in Delaware and New York, respectively, fails to adequately allege their citizenship.

To properly plead diversity jurisdiction of the limited liability company Defendant, Plaintiffs must allege the citizenship of its member(s). Because the Complaint fails to identify who the member(s) of these organizations are or what their citizenship is, the Court is unable to determine the existence of diversity jurisdiction as to these Defendants. *Accord Lincoln Ben. Life Co.*, 800 F.3d at 106-110.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given an opportunity to amend the Complaint to adequately allege the existence of diversity jurisdiction. Plaintiffs will be granted twenty-one (21) days in which to file an amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.

 September 25, 2018   /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge